UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>Plaintiff,<br>v.<br><br>EMPLOYMENT SECURITY DEPARTMENT, *et al.*,<br><br>Defendants. | CASE NO. 3:23-cv-05713-DGE<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 29, 2023 |

The District Court has referred Plaintiff Tiffany Recinos' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On August 9, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed Complaint and finds the instant matter fails to state a claim upon which relief can be

REPORT AND RECOMMENDATION - 1

1  granted. Therefore, the Court recommends this case be **DISMISSED without prejudice** and the
2  Application to Proceed IFP (Dkt. 1) be **DENIED**.
3        **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed
4  Complaint in this matter. Because Plaintiff filed this Complaint *pro se*, the Court has construed
5  the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v.*
6  *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed Complaint, Plaintiff
7  alleges Defendant Maxim Healthcare terminated Plaintiff's employment in October of 2021 after
8  she contracted Covid-19. Dkt. 1-1 at 4. Plaintiff asserts she had a religious exemption but was
9  still terminated for not previously obtaining a Covid-19 immunization. *Id*. Plaintiff also alleges
10 that she subsequently obtained the immunization yet was not re-hired. *Id*.
11       ***Sua Sponte* Dismissal.** The district court may permit indigent litigants to proceed IFP
12 upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court
13 must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
14 screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to
15 state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
16 is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
17 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
18 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28
19 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP
20 complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable
21 substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
22 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*,
23 745 F.2d 1221, 1228 (9th Cir. 1984).
24

REPORT AND RECOMMENDATION - 2

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Here, in her proposed Complaint, Plaintiff has provided only conclusory allegations related to her alleged wrongful termination. Dkt. 1-1. She has failed to provide clarity regarding the nature of her claims and has not provided sufficient allegations to show what happened, when it happened, who was involved, and how those acts violated her rights. *See id*. Plaintiff has not adequately stated a claim or provided explanations sufficient to show wrong-doing by either Defendant, Maxim Healthcare or the Employment Security Department. In sum, "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, No. CVF 025809AWILJOP, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). As such, Plaintiff has not stated a claim showing she is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As Plaintiff's proposed Complaint does not appear to have any basis in law and the claims against Defendants appear to be based solely on conjecture, the Court finds any attempt by Plaintiff to amend the proposed Complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed Complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed Complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied. The Court further recommends that all proposed filings (Dkts. 4, 6, 7, 9) be stricken. Finally, the Court recommends this case be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 29, 2023, as noted in the caption.

Dated this 11th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5